Thomas J. McCARRICK and Eunice McCarrick, h/w

v.

POLONIA FEDERAL SAVINGS AND LOAN ASSOCIATION of Philadelphia.

Civ. A. No. 78–394.

United States District Court, E. D. Pennsylvania.

Dec. 11, 1980.

Raymond J. Quaglia, Philadelphia, Pa., for plaintiff.

Leon A. Mankowski, Philadelphia, Pa., for defendant.

MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

## FINDINGS OF FACT, DISCUSSION AND CONCLUSIONS OF LAW

This case alleges certain violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* and the Real Estate Settlement Procedures Act ("RESPA"), as amended, 12 U.S.C. §§ 2601 *et seq.* Following a bench trial I make the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Defendant, Polonia Federal Savings and Loan Association ("Polonia"), is a federally chartered savings and loan association organized under the laws of the state of Pennsylvania with its principal place of business at 2646 E. Allegheny Avenue, Philadelphia, Pennsylvania.

2. On February 8, 1977 plaintiffs, Thomas and Eunice McCarrick, as tenants by the entireties, agreed to purchase from sellers, Francis and Dolores Graff, real estate located at 2429 Brown Street, Philadelphia, Pennsylvania for the gross sale price of $45,000. The McCarricks intended to use the upper floors of the premises as a family residence and to continue using the first floor as a butcher shop/grocery store.

3. The terms agreed to by the parties were reduced to writing by Emil Karatnjchy, a licensed real estate broker, recommended by the sellers and employed by the purchasers, the McCarricks.

4. Paragraph 4(f) of the agreement of sale provided that a mortgage application was to be made by buyers through the office of buyers' attorney Michael J. Pepe, Jr., Esq. However, there is no evidence that Mr. Pepe took any action to obtain the mortgage required by his clients.

5. After the agreement was executed, Mr. Graff inquired of Mr. McCarrick as to the status of his search for a mortgage loan. Mr. McCarrick advised Mr. Graff that he had not succeeded in obtaining a loan. Mr. Graff then suggested they contact Emil Karatnjchy and have him seek the mortgage loan. Thereafter, the McCarricks engaged Mr. Karatnjchy to obtain a loan for them. The McCarricks agreed to compensate Mr. Karatnjchy at settlement by the payment of a fee of 1% of the mortgage loan. Mr. Karatnjchy submitted a loan application to Polonia Federal Savings and Loan Association for plaintiffs. Also, pursuant to the authorization of plaintiffs, Mr. Karatnjchy ordered title insurance from Commonwealth Land Title Insurance Company.

6. Polonia approved plaintiffs' mortgage loan request in the amount originally requested of $45,000 and, thereafter, approved plaintiffs' request for an increase in the amount to $48,000. The loan was to be secured by a mortgage on the premises located at 2429 Brown Street and the McCarricks' residence at the time, 4745 Meridian Street, Philadelphia, Pennsylvania.

7. Polonia delivered to Mr. Karatnjchy a commitment letter advising that the commitment would expire on May 18, 1977 and that settlement could be scheduled any time after April 18, 1977.

8. On May 24, 1977, Mr. Karatnjchy sent a letter to plaintiffs, with carbon copies to Polonia, and to Mr. Pepe, the McCarricks' attorney, advising that financing had been obtained from Polonia and title insurance from Commonwealth Land Title Insurance Company. The letter ended, "With this letter we wish to point out to you that you engaged us to perform this services (sic) for you in return for a fee of $480. together with $150. to Commonwealth Land Title Ins. Co. for the title search for two properties pledged as collateral."

9. Neither the McCarricks nor their attorney voiced any disagreement to Mr. Karatnjchy as to the terms of the agreement for his services.

10. Thereafter Mr. Pepe notified Polonia, Mr. Karatnjchy and the plaintiffs that he had scheduled settlement for May 31, 1977 at 2:00 p. m. at the Industrial Valley Bank from which he had also ordered title insurance.

11. On the morning of May 31, 1977, Frank J. Francek, president of Polonia, told Mr. Pepe that unless the McCarricks paid Mr. Karatnjchy's fee the Association would not appear at settlement and place the mortgage. However, it is undisputed that Mr. Francek did in fact appear at settlement and Polonia placed the $48,000 mortgage as per its commitment letter; there is no evidence that Polonia took any other action to coerce payment of Mr. Karatnjchy's fee.

12. Mr. Francek explained to the McCarricks the various papers involved in the transaction including the HUD approved form of settlement statement, the Truth–in–Lending Act disclosure statement entitled, "Notice to Customers Required by Federal Law–Regulation Z"; and obtained from plaintiffs an acknowledgement of their receipt of copies of the settlement documents. Mr. Pepe, the attorney representing the McCarricks was present throughout the settlement but made no comment. The "Disclosure/Settlement Statement" contains an authorization of the McCarricks to make payment of $592.50 to Emil Karatnjchy for "services".

One hundred and twelve dollars and fifty cents of the $592.50 represented the cost of cancelling the title insurance the McCarricks had authorized Mr. Karatnjchy to order from the Commonwealth Land Title Insurance Company.

13. In fact, the McCarricks did not pay Mr. Karatnjchy for his services the entire balance of $480.00 as agreed; instead, the sellers paid a part of the fee. Thus the sellers paid $215.00 and the McCarricks $265.00 of the $480.00 fee.

14. Mr. Karatnjchy is not an employee, agent, servant, stockholder or in any way associated with Polonia.

15. There is no evidence that Polonia gave Mr. Karatnjchy anything of value as a fee for referring the mortgage loan application to Polonia; nor does a preponderance of the evidence support plaintiffs' claim that the fee paid by plaintiffs to Mr. Karatnjchy was coerced by Polonia and represented a form of kickback.

## DISCUSSION

### I.

■ The defendant contends that the plaintiffs purchased a building that was essentially a business property so that the transaction is not properly maintainable in this court under the provisions of RESPA. The disclosure requirements of the Act are applicable to all federally–related mortgage loans the proceeds of which will be used to finance the purchase of (1) a new or an existing dwelling suitable for housing 1 to 4 families, (2) a new or already in place mobile home, or (3) an existing condominium unit suitable for one to four families. 24 C.F.R. § 3500.5(a), (b). When the McCarricks bought the property the grocery store located on the first floor was already in operation; therefore, arguably it could be urged that if the loan was only to cover the purchase of the first floor this transaction would fall outside the scope of RESPA. However, the McCarricks purchase included the entire structure of which the second and third floors they planned to renovate for the family's living quarters. The evidence discloses that in buying the property the McCarricks intended to afford themselves the convenience of living close to Mr. McCarrick's work. From the McCarricks' purpose in buying the property and the intended allocation of space, it is clear that the loan here is for the purchase of "a structure designed principally for the occupancy of from 1 to 4 families." 24 C.F.R. § 3500.5(b)(2)(i). Therefore, as plaintiffs' suit seeks recovery of damages and the financing of the subject property is within the scope of RESPA, this court has jurisdiction over the instant RESPA cause of action. 12 U.S.C. § 2614. Jurisdiction is present also pursuant to the provisions of the Truth–in–Lending Act, 15 U.S.C. § 1640(e).

### II.

■ In their complaint the plaintiffs contend that the defendant violated the Act by failing or refusing to give them the re-

quired disclosures prior to settlement. As to this allegation the plaintiffs have not sustained their burden of proof by a preponderance of the evidence. In fact, a preponderance of the evidence discloses that they were given every disclosure required in a transaction of this type under RESPA and the Truth in Lending Act. The settlement statement used here and signed by plaintiffs is the HUD approved form (HUD–1) on which all the charges and their purposes are clearly delineated. 12 U.S.C. § 2603, 24 C.F.R. § 3500.8. Further, plaintiffs signatures appear on an acknowledgement form which specifies that they received a copy of the RESPA special information booklet; 12 U.S.C. § 2604, 24 C.F.R. § 3500.6; a good faith estimate of the settlement services, 24 C.F.R. § 3500.7; a copy of the mortgage and note, a notice of finance charges on the note prescribed by regulation Z, 15 U.S.C. § 1639, 12 C.F.R. § 226.8, an Equal Credit Opportunity Act notice, see 15 U.S.C. § 1691 et seq., and a copy of the disclosure statement required by the state of Pennsylvania. Plaintiffs were represented by counsel at settlement who voiced no objection to the form or substance of the documents given to the McCarricks and the lender's representative, Mr. Francek, not only explained the various papers but was available to answer any questions of plaintiffs or their counsel. A preponderance of the evidence does not support the allegation that plaintiffs were made to sign blank acknowledgements of disclosure. In view of the overwhelming evidence to support the finding that plaintiffs were provided the required disclosures at settlement, I find no violation of RESPA or the Truth in Lending Act in this regard.

Plaintiffs argue next that the defendant refused to attend settlement unless plaintiffs paid $592.50 to Emil Karatnjchy. Plaintiffs allege that the money was paid under duress and was the equivalent of an illegal kickback in violation of RESPA which proscribes the giving or acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service

involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a), 24 C.F.R. § 3500.14(a). In enacting this provision the Congress sought to clarify its intent by statutorily preserving certain transactions from the characterization of an illegal fee, kickback or thing of value. See 12 U.S.C. § 2607(c). Specifically exempted is "the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed." Id., 24 C.F.R. § 3500.14(f).

A careful examination of the evidence does not reveal that the circumstances surrounding payment of the fee to the relator here comes within the proscription of § 2607. Plaintiffs retained Mr. Karatnjchy as their agent to obtain a mortgage after their own attorney had not succeeded in obtaining a commitment. They were informed, as shown by the letter of May 24, 1977, that they were expected to pay Mr. Karatnjchy a 1% fee for his services in obtaining the initial mortgage loan, and the increase in the mortgage loan. The evidence does not reveal a scheme by the lender and the realtor which involves payment of a commission for referral of business. There is no evidence that Mr. Karatnjchy is in any way associated with the lender. Mr. Karatnjchy, a licensed realtor, performed a valuable service for the plaintiffs in that he placed the mortgage for them, then arranged for the mortgage to be increased and placed title insurance as requested by plaintiffs. I find no substance to plaintiffs' contention that they were made to pay the fee under duress; indeed it is clear that the fee was not paid by reason of pressure applied by defendant, but was paid only in part by plaintiffs after negotiating a sharing of the fee charge with the sellers. I conclude that the defendant has not committed any violation of 12 U.S.C. § 2607 with respect to the fee paid by plaintiffs to the realtor.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter of this action as the principal use and purpose of the federally–related mortgage loan was to obtain a residential

dwelling bringing the transaction within the jurisdiction provisions of RESPA and the Truth–in–Lending Act.

2. Plaintiffs have failed to demonstrate by a preponderance of the evidence that they were not given all the appropriate disclosures before settlement as required under the Real Estate Settlement Procedures Act and the Truth–in–Lending Act and thus defendant did not violate the Acts in that regard.

3. The fee paid by plaintiffs to Emil Karatnjchy, a licensed realtor, was a fee for services rendered and not a kickback within the meaning of RESPA, 12 U.S.C. § 2607, 24 C.F.R. § 3500.14.

### ORDER

AND NOW, this 11th day of November, 1980, in accordance with the accompanying Findings of Fact, Discussion and Conclusions of Law, IT IS ORDERED that judgment will be entered in favor of the defendant and against the plaintiffs in the above–captioned action.

### JUDGMENT

AND NOW, this 11th day of December, 1980, judgment is entered in favor of defendant and against plaintiffs.