Terrence PAYNE, As Personal Representative of the ESTATE OF Barbara PAYNE, deceased Appellant,

v.

EQUICREDIT CORPORATION OF AMERICA; Frank T. James d/b/a Money Line Mortgage; Denise Mitchell; Franklin Malloy

Equicredit Corporation of America, Appellant.

Nos. 02–2706, 02–2771.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 17, 2003.

Decided Aug. 4, 2003.

**132**

Before: MCKEE, BARRY, Circuit Judges and WEIS, Senior Circuit Judge.

1. Barbara Payne brought this action in December 2000. Upon her untimely death in

*OPINION OF THE COURT*

PER CURIAM.

EquiCredit Corporation of America appeals the district court's denial of its motion for partial findings made pursuant to Fed.R.Civ.P. 52(c). EquiCredit also appeals the court's award of damages to Terrence Payne [1] for his claim stemming from EquiCredit's violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et. seq.* Payne appeals the district court's calculation of attorney's fees. For the reasons that follow, we will affirm.

**I.**

Inasmuch as we write only for the parties, we need not recite the factual or procedural background of this appeal in detail. We begin by noting that the TILA requires creditors to meaningfully disclose all credit terms to consumers in order to avoid the uninformed use of credit. *See* 15 U.S.C. § 1601(a) (describing the purpose of the TILA). Since the prepaid finance charges payable on Barbara Payne's home repair loan exceeded 8% of the total loan amount, it was a consumer credit transaction regulated by Homeowner's Equity Protection Act (HOEPA) provisions of TILA. 15 U.S.C. § 1602(aa)(1). Accordingly, pursuant to the provisions of the TILA and HOEPA, EquiCredit was required to make certain disclosures "not less than 3 business days prior to consummation of the transaction." 15 U.S.C. § 1639(b); *see also* § 1639(a) (describing information which must be disclosed to consumer by lender, including annual percentage rate and monthly payment); 12 C.F.R. § 226.32(c) ("Section 32" of Regulation Z of the Truth in Lending Regulations) (same).

March 2001, her son, Terrence Payne, was substituted as Plaintiff.

EquiCredit first argues that the district court erred in denying its motion for judgment on partial findings. Apparently, both during and after Plaintiff's presentation of its case at trial, EquiCredit moved for judgment on partial findings pursuant to Rule 52(c). EquiCredit contends that the district court's failure to grant its motion for judgment somehow shifted the burden to it to prove that the Plaintiff did receive a Section 32 Notice. This argument is simply without merit. Rule 52(c) provides:

> (c) Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court *may* enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, *or the court may decline to render any judgment until the close of all the evidence.*

Fed.R.Civ.P. 52(c) (emphasis added). The district court was therefore clearly within the strictures of Rule 52(c), and properly acted within its discretion to decline to render judgment until the close of all evidence.

EquiCredit further argues that the district court erred in its determination that Ms. Payne did not receive a Section 32 Notice at least three days before the January 14, 1999 settlement, as required by 15 U.S.C. §§ 1639(a), (b)(1). This argument also fails. Since the district court issued Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. Proc. 52(a) those "[f]indings of fact ... shall not be set aside unless clearly erroneous." Fed. R. Civ. Proc. 52(a). We exercise plenary review over the district court's interpretation and application of the law to particular facts. *Foley v. International Broth. of Elec. Workers Local Union 98 Pension Fund,* 271 F.3d 551, 555 (3d Cir.2001). In its Memorandum Opinion and Order dated April 11, 2002, the district court explained:

The document produced by EquiCredit during discovery purporting to be correspondence containing the Section 32 Notice was dated December 7, 1999, over ten months after the date of settlement. (Trial Tr. at 236–37). The interest rate disclosed in this Section 32 Notice, 15.74%, was precisely the same as the rate finalized at settlement some five or six weeks later. (Def.'s Ex. 1). In between these two times, however, EquiCredit had disclosed to Ms. Payne a different, lower interest rate. (Def.'s Exs. 4–5). At trial, EquiCredit proposed that this unusual coincidence resulted from mere chance: the 15.74% interest rate on December 7, 1998 slid down to 13.80% on December 30, before happening to rise again to precisely 15.74% on January 14, 1999. (Trial Tr. at 227).

I find this improbable. On its face, the December 7, 1999 letter attests that the Section 32 Notice was disclosed after, rather than before, settlement. The December 7, 1999 date of the correspondence containing the Section 32 Notice, in combination with the improbability that EquiCredit could have estimated the eventual interest rate with an accuracy of 1/100 of a percentage point some five to six weeks before settlement, indicate that this letter was written in 1999 after Ms. Payne received the Good Faith Estimate. This documentary evidence suffices to raise a presumption that Ms. Payne did not receive the Section 32 Notice. Therefore, Plaintiff has met his burden of showing a HOEPA disclosure violation by documentary evidence. *Cf. McCarrick v. Polonia Fed. Sav. & Loan Ass'n,* 502 F.Supp. 654, 656–57 (E.D.Pa. 1980) (finding plaintiffs had not met

their burden where evidence disclosed they had received every required TILA disclosure).

EquiCredit has produced no evidence in support of its argument that the date on the Section 32 Notice resulted from clerical error or that the Section 32 Notice was in fact mailed in 1998. *Payne v. EquiCredit*, No. 00–6442, slip op. at 10–11 (E.D.Pa. Apr. 12, 2002). It is clear that the district court carefully considered the available evidence and reached a logical and thoughtful conclusion, and nothing on this record suggests that it was clearly erroneous. Its interpretation of the law was also correct. The December 7, 1999 letter produced during discovery provided the required Section 32 Notice ten months after the settlement date. The court therefore required EquiCredit to produce some evidence that the disclosures were made three days prior to settlement despite the existence of the December 7, 1999 letter. *See In re Cobb*, 122 B.R. 22, 26 (Bankr.E.D.Pa.1990) (noting that "the burden of proving compliance with the TILA is upon a lender once a debtor has produced or provided some evidence or testimony that a TILA violation has occurred").

## II.

■ Finally, Payne argues that the district court improperly calculated its award of attorney's fees. We review the district court's award of attorney's fees for abuse of discretion. *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir.1997). The lodestar formula for calculating an award of attorney's fees requires "multiplying the number of hours reasonably expended by the reasonable hourly rate." *Pennsylvania Envtl. Defense Found. v. Canon–McMillan Sch. Dist.*, 152 F.3d 228, 231 (3d Cir.1998). However, a court retains the discretion to adjust the lodestar. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The court may adjust the lodestar downward if it is unreasonable in light of the results obtained. *Id.* citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "This general reduction accounts for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims." *Id.* citing *Hensley*, 461 U.S. at 436. In this case, Payne argues that the district court's decision to reduce the lodestar value by 30% was unwarranted in light of the time spent litigating the TILA claim. The district court, in its May 20, 2002 Memorandum and Order noted that:

> Plaintiff prevailed against EquiCredit for his nondisclosure claim under TILA, which was his central claim. He did not prevail, however, on his multiple state law claims based in tort, contract and fraud by Mitchell[2] and EquiCredit. (Pl.' Prop. Concls. of Law ¶¶ 11–19). In fact, he did not prevail on any of his theories against Mitchell or Malloy,[3] against the latter of whom a default judgment has been entered.

*Payne v. Equicredit*, No. 00–6442, 2002 WL 1018969, at *6 (E.D.Pa. May 20, 2002). After a review of the attorney's fees awarded, we find that the district court's award was reasonable based on the experience of Payne's counsel, the effort necessary to litigate the successful claims and the result obtained. We therefore con-

---

**2.** Mitchell refers to defendant Denise Mitchell, a volunteer with a consumer advocacy group called the Consumer Buyers Assocation, who helped arrange Ms. Payne's loan transaction and repair work. *Payne*, slip. op. at 1–5.

**3.** Malloy refers to defendant Franklin Malloy, one of the contractors hired to do repair work on Ms. Payne's home. *Payne*, slip. op. at 3.

clude that the district court did not abuse its discretion in reducing the lodestar to accurately reflect a reasonable award of attorney's fees.